Case 16-00500   Doc 28   Filed 02/08/17   Entered 02/09/17 10:07:04   Desc Main
          Document      Page 1 of 3

16-00500:25.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 1/20/2017 1:15:58 PM by:Brandon Lefkowitz Page 1 of 3

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:

Mario Allen

    Debtor

_____/

AmeriCash Loans, L.L.C. d/b/a First Rate Financial,

    Plaintiff,

v.

Mario Allen

    Defendant.

_____/

Chapter 7

Bankruptcy Case No. 16-14526

Adversary No. 16-00500

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A. The Parties**

1. The Plaintiffs are AmeriCash Loans, L.L.C. d/b/a First Rate Financial ("Plaintiff")
2. The Defendant is Mario Allen ("Defendant")

**B. Factual Background**

1. Defendant filed a Chapter 7 Bankruptcy on April 28, 2016 ("Petition Date"), seeking a discharge of all unsecured debt including without limitation, AmeriCash Loans, L.L.C. dba First Rate Financial Loan No.X019 in which the loan was listed on Debtor's Schedule F.

2. On August 1, 2016, Plaintiff issued a Summons and Complaint pursuant to title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") seeking an exception to discharge for the amount of $1,119.72.

3. That on August 2, 2016, a copy of the summons and Complaint was served in accordance with Fed. R. Bank. P. 7004 via certified mail, postage prepaid to:

    a. Mario Allen, 12329 South Troop, Riverdale, IL 60827.

4. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

5. Furthermore, on or about November 28, 2016 an alias summons was issued on Mario Allen in order to serve both Mario Allen and Debtor's counsel for his chapter 7 bankruptcy case.

Case 16-00500    Doc 28    Filed 02/08/17    Entered 02/09/17 10:07:04    Desc Main
Document    Page 2 of 3

16-00500:25.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 1/20/2017 1:15:58 PM by:Brandon Lefkowitz Page 2 of 3

6. That on November 28, 2016, a copy of the alias summons and Complaint was served in accordance with Fed. R. Bank. P. 7004 via certified mail, postage prepaid to:

    a. Mario Allen, 12329 South Troop, Riverdale, IL 60827.

    b. Danielle E. Kancherlapalli, 20 S. Clark, 28th Floor, Chicago, IL 60603

    c. Janna L. Quarless, 20 S. Clark, 28th Floor, Chicago, IL 60603

7. No evidence has been presented to challenge the validity of Plaintiff's claim.

8. No evidence has been presented to show that the Defendant did not lack the intent to repay the loan.

9. The debt is a cash advance aggregating more than $750.00 and is considered an open end credit plan.

10. Counsel for Plaintiff has again reviewed the Debtor's bankruptcy petition, statement and schedules, together with the account transaction history for purposes of this motion for default judgment. The loan was incurred 8 days prior to the filing of his Chapter 7 bankruptcy petition.

11. The Defendant did not make a single payment towards his loan.

12. On or about December 29, 2016 the Plaintiff filed a notice of Motion and motion for entry of default and notice of motion and motion for entry of default judgement after the Defendant had failed to file a timely response.

13. Furthermore, Plaintiff has filed a memorandum of authorities on or about December 29, 2016.

## CONCLUSIONS OF LAW

### A. Jurisdiction

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I)

2. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

### B. Argument

1. This action was initiated under 11 U.S.C. § 523(a)(2)(A) on August 1, 2016.

2. Additionally, the Plaintiff is seeking an exception to the discharge pursuant to § 523(a)(2)(c).

3. The Defendant scheduled the Plaintiff's claim in the amount of $1,050.00.

4. The Bankruptcy Code refers to section 103 of the Truth in Lending Act in defining open end credit.

5. Pursuant to 11 U.S.C. § 523(a)(2)(C), a "presumption of fraud arises where luxury goods and services are purchased or cash advances are taken shortly before the filing of a bankruptcy case." *George*, 381 B.R. at 915.

Case 16-00500    Doc 28    Filed 02/08/17    Entered 02/09/17 10:07:04    Desc Main
Document    Page 3 of 3

16-00500:25.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 1/20/2017 1:15:58 PM by:Brandon Lefkowitz Page 3 of 3

6. In this case the Defendant filed its bankruptcy within 70 days of being issued the loan and because the loan is for greater than $750.00, this loan is not dischargeable.

Dated: 2/8/17

FEB 0 8 2017

LEFKOWITZ LAW GROUP
Attorneys for Creditor/Plaintiff
**/s/ Brandon S. Lefkowitz**
Brandon S. Lefkowitz
ARDC No. 6301839
24100 Southfield Road, Suite 203
Southfield, MI 48075

Enter:

United States Bankruptcy Judge